MAX MILLER, RESPONDENT, v. PETER RICHIERI AND LOUISE RICHIERI, DEFENDANTS; JOSEPH WHITE, APPELLANT.

Argued May term, 1931—Decided June 24, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Bernard S. White.*

For the respondent, *Cyrus W. Lunn.*

PER CURIAM.

This is an appeal by the defendant White from a judgment against him in the First District Court of Hudson county. The action was to recover one-half of a commission claimed to have been earned upon an exchange of properties and was brought against the owners of one of the properties and Joseph White, a real estate broker. The basis of the claim was that the plaintiff and White were both instrumental in effecting the exchange of the properties and that they had agreed between themselves that the commission of $500 should be divided. The money was paid to White by the owners but Miller did not get his share. He then brought this action and obtained judgment against White.

The grounds of appeal appearing in the state of the case are that the judgment was erroneous (1) because there was no legal evidence to support it; (2) that the court erred in admitting secondary evidence of a contract without proper foundation being laid therefor; (3) in refusing to strike out this secondary evidence; (4) because the judge refused to grant a nonsuit. These grounds are elaborated in the specification of the determinations in the court below with which the appellant is dissatisfied, but they are all substantially covered by the grounds of appeal.

It seems that the plaintiff Miller and the defendant White had been engaged by the other defendants, the Richieris, to effect an exchange of the property belonging to the Richieris. This resulted in the making of a contract between Richieris and one Bournique. Peter Richieri, one of the defendants, was called by the plaintiff and was asked if the contract provided for the sale of his property in Hackensack. Objection was made but overruled. Without passing upon the propriety of this question, in view of a demand having been made for the production of the contract by the defendant's attorney, it

is sufficient to say that the information had been elicited without objection by questions propounded both before and after the question here involved. Miller on the stand was asked these questions:

"*Q.* When you first spoke to Mr. Richieri at Mr. Accardi's office, was anything said by Mr. Richieri to you about the payment of commissions on the sale of this property?"

"*Q.* What conversation took place then in the presence of Richieri, Joseph White and Alexander White concerning any commissions?"

Objection was made but no ground therefor stated. A mere objection without stating a ground therefor brings nothing to the mind of the trial judge and the ruling thereon cannot be made a ground of appeal. *Semkin* v. *Hollander,* 82 *N. J. L.* 485.

Finally this question was asked:

"*Q.* What did you read in the contract concerning the payment of commissions?"

Objection was made that it must be shown that the witness knew the contents of the contract to which the court replied that it presumed that would be shown later. We find no error here. The court's remark can hardly be deemed a ruling. Even if regarded otherwise appellant is not injured. Plaintiff was suing his fellow broker for commissions which had been paid and for which the latter had failed to account in accordance with their agreement. To this issue the contract for the exchange was irrelevant. The Richieris, who alone could complain, were exonerated in the judgment as rendered and are not appealing.

Motion for nonsuit was apparently based on the ground that there was no sufficient proof that Joseph White had received the commission. This contention is not borne out in fact. Plaintiff testified that White admitted that he had received the commission. The nonsuit was, therefore, properly refused.

The judgment is affirmed, with costs.